UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FREDERICK WILLIAMS,**

  **Plaintiff,**

              CASE NO: 8:06-CV-1748-T-27TGW

v.

**NATIONAL FREIGHT, INC.,**

  **Defendant.**
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. 4), to which Plaintiff has responded in opposition (Dkt. 6). Upon consideration, Defendant's motion is granted in part.

### *Background*

Plaintiff alleges that he was injured while operating a forklift inside a trailer owned and operated by Defendant. On the date of the accident, Plaintiff was employed as a forklift operator by Victor Distributing ("Victor"), which is not a party to this action. (Dkt. 2, ¶ 9). Defendant's driver transported Defendant's trailer to Victor's site in St. Petersburg. (Dkt. 2, ¶¶ 7-8). Victor instructed Plaintiff to use a three-wheeled standing forklift to unload pallets from Defendant's trailer. (Dkt. 2, ¶ 10). While Plaintiff was operating the forklift, a section of the trailer's wooden floorboards collapsed, jolting the forklift, and causing Plaintiff to be thrown off. (Dkt. 2, ¶¶ 11-12).

Plaintiff alleges that as Defendant's business invitee, Defendant owed him a duty of care and breached that duty. (Dkt. 2, ¶¶ 14, 18). In the alternative, Plaintiff alleges that because the trailer

1

was a "product," Defendant owed him a duty of care and breached that duty. (Dkt. 2, ¶¶ 15, 18). Finally, Plaintiff alleges that Defendant breached various duties contained in federal trucking regulations. (Dkt. 2, ¶¶ 16, 18). Plaintiff alleges that Defendant's breaches caused him personal injury. (Dkt. 2, ¶¶ 20-21).

Defendant argues that Plaintiff has failed to state a claim because Plaintiff was not Defendant's business invitee and because Defendant is not a product manufacturer. Defendant also claims that the Complaint should be dismissed pursuant to Rule 12(b)(7) for failure to join Plaintiff's employer, Victor Distributing. Finally, Defendant claims that it requires a more definite statement pursuant to Rule 12(f).

### *Standard of Review*

A court may grant a motion to dismiss "only when the defendant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Chepstow Ltd. v. Hunt*, 381 F.3d 1077, 1080 (11th Cir. 2004) (internal quotation omitted). The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 881 (11th Cir. 2003). Rule 8 of the Federal Rules of Civil Procedure requires only that Plaintiff provide a short and plain statement of the claim showing that he is entitled to relief. A plaintiff is not required to "allege a specific fact to cover every element or allege with precision each element of a claim." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001).

*Discussion*

### 1. *Failure to State a Claim*

a. Negligence

Under the facts set forth above, Plaintiff has pled the necessary elements of a negligence claim: duty, breach, causation, and damages. *See e.g.*, *Superior Garlic Intern. v. E & A Corp.*, 913 So. 2d 645, 648 (Fla. 3d DCA 2005). Although Plaintiff's Complaint may be based on a novel set of facts under Florida law, a motion to dismiss is not the proper means by which to assess the merits of Plaintiff's claim. Defendant has cited no case law suggesting that Plaintiff will be unable to prove a set of facts that will entitle him to relief. In fact, other cases suggest that Plaintiff's claim is viable. *See Butera v. Schaefer*, 251 A.D.2d 976, (N.Y. App. Div. 1998) (affirming denial of defendant's summary judgment motion where plaintiff was injured when floor of truck trailer gave way underfoot); *Pozzie v. Mike Smith, Inc.*, 337 N.E.2d 450, 452-53 (Ill. App. Ct. 1975) (finding owner of truck trailer was liable for injuries sustained by plaintiff when his forklift fell through a hole in the floor); *see also Waters v. Cokcana Carrier, Inc.*, 171 So. 2d 57, 60 (Fla. 1st DCA 1965) (assuming that plaintiff was a business invitee when he climbed aboard defendant's trailer).

Plaintiff also alleges that Defendant breached a duty to him by violating federal trucking regulations. "Violations of statutes [or ordinances], other than those imposing a form of strict liability, may be either negligence per se or evidence of negligence." *Lingle v. Dion*, 776 So. 2d 1073, 1077 (Fla. 4th DCA 2001). Plaintiff's inclusion of Defendant's alleged violations of federal trucking regulations is therefore appropriate.

b. Products Liability

Plaintiff alternatively pleads that the trailer in which Plaintiff was injured constitutes a

"product." (Dkt. 2, ¶ 15). Defendant argues that Plaintiff is "insinuating" that Defendant is strictly liable. (Dkt. 4, at 3). Defendant maintains that because it is not a seller of the trailer, it cannot be liable under a strict liability theory. Defendant is partly correct. Under Florida law, strict liability actions are "based on the essential requirement that the responsible party is in the business of and gains profits from distributing or disposing of the 'product' in question through the stream of commerce." *Johnson v. Supro Corp.*, 498 So. 2d 528, 528-29 (Fla. 3d DCA 1986). The Florida Supreme Court has recognized that a strict liability theory may apply to manufacturers, as well as to others in the distribution chain, including retailers, wholesalers, distributors, and, most recently, commercial lessors. *Samuel Friedland Family Enters. v. Amoroso*, 630 So. 2d 1067, 1068 (Fla. 1994). Similarly, a products liability action grounded in negligence must involve allegations as to a manufacturer or other distributor of a product. *See Pinchinat v. Graco Children's Prod., Inc.*, 390 F. Supp. 2d 1141, 1149 (M.D.Fla. 2005); *Liggett Group Inc. v. Engle*, 853 So.2d 434, 467 n.46 (Fla. 3d DCA 2003) *rev'd on other grounds*, --- So. 2d --, 2006 WL 1843363 *21 (Fla. July 6, 2006). Plaintiff has made no allegation that Defendant was a manufacturer, distributor, retailer, wholesaler, or commercial lessor of trailers. Defendant's motion to dismiss for failure to state a claim is accordingly granted as to Plaintiff's product liability claim.

### 2. *Failure to Join a Party*

Defendant argues that the Complaint must be dismissed pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure for failure to join Plaintiff's employer, Victor Distributing, as required by Rule 19. Rule 19(a) provides that a person is a necessary party when one of the following criteria is met:

> (1) in the person's absence complete relief cannot be accorded among those already

parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (I) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. Fed. R. Civ. P. 19(a).

For a person covered by Florida's workers' compensation laws, the relevant statutes significantly restrict actions at law against an employer. Under § 440.11(1) of the Florida Statutes, "[t]he liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability, including vicarious liability, of such employer to any third-party tortfeasor and to the employee." Absent allegations indicating that the employer engaged in an intentional tort, Florida law generally does not allow an employer to be sued by either the employee or another tortfeasor. Moreover, assuming Plaintiff is not covered by Florida's workers' compensation laws, it is well-established that "it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990); Fed. R. Civ. P. 19, *Advisory Committee's Note*. Defendant has cited no cases compelling a different result. Defendant's motion to dismiss for failure to join a party under Rule 19 is therefore denied.

### 3. *Motion for a More Definite Statement*

Rule 12(e) of the Federal Rules of Civil Procedure allows a party to move for a more definite statement when a complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." In its request for a more definite statement, Defendant merely rehashes the same arguments made in its motion to dismiss. Plaintiff has set forth a "short and plain

---

[1] There is an exception to the general rule in cases in which the Plaintiff claims that the employer committed an intentional tort. *See* Fla. Stat. § 440.11(1)(b); *Travelers Indem. Co. v. PCR Inc.*, 889 So. 2d 779, 782-83 (Fla. 2004).

statement of the facts" as required by Rule 8. As demonstrated by the nature of Defendant's arguments, Defendant understands Plaintiff's claims. Accordingly, Defendant's motion for a more definite statement is denied.

Upon consideration, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (Dkt. 4) is **GRANTED IN PART** without prejudice, as set forth herein.

**DONE AND ORDERED** in chambers this 4th day of October, 2006.

*/s/ Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record